**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4146**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

URAIN ALEXANDER ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:24-cr-00117-HEH-1)

Submitted:  December 18, 2025                     Decided:  December 22, 2025

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Michael C. Moore, WILLIAM J. DINKIN, PLC, Richmond, Virginia, for Appellant.  Daniel J. Honold, Alexandria, Virginia, Ellen H. Theisen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Urain Alexander Robinson pled guilty, pursuant to a plea agreement, to possession with intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).    The district court sentenced Robinson to 120 months' imprisonment, an upward departure from his advisory Sentencing Guidelines range.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Robinson's sentence is substantively reasonable.  Robinson was advised of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal pursuant to the appellate waiver in Robinson's plea agreement.  Robinson opposes the motion, arguing that he did not knowingly and voluntarily waive his right to appeal his sentence.  We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224.  To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.*  "A waiver is generally valid if a district court questions a defendant regarding the waiver of appellate rights during a properly conducted [Federal] Rule [of Criminal Procedure] 11

2

colloquy and the record indicates that the defendant understood the full significance of the waiver." *United States v. Smith*, 134 F.4th 248, 258 (4th Cir. 2025) (alteration and internal quotation marks omitted).

Although the district court's questioning about the appellate waiver in Robinson's plea agreement could have been clearer, under the totality of the circumstances, we conclude that Robinson knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions not relevant here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises falls squarely within the scope of the waiver.

Robinson's appellate waiver, however, does not bar our consideration of the validity of his guilty plea. *See United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). Because Robinson did not attempt to withdraw his guilty plea, we review any challenge to the validity of the plea for plain error. *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023). We conclude that the district court did not plainly err in accepting Robinson's plea. Any omissions from the Rule 11 hearing did not affect Robinson's substantial rights, and the district court properly found that Robinson's plea was knowing, voluntary, and supported by an independent factual basis. *See Taylor-Sanders*, 88 F.4th at 522.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of Robinson's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to the issues within the scope of the waiver. We otherwise affirm the judgment. This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the

3

United States for further review.  If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Robinson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*